UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VALENTIN A. CORRALES,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br><br>JOHN HENLEY, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 3:24-cv-00071-MMD-CLB<br><br>ORDER |

　　　This is a habeas corpus case under 28 U.S.C. § 2254 brought by Valentin A. Corrales challenging a judgment of conviction entered against him in the Second Judicial District Court for Nevada (Washoe County). In accordance with the Court's February 15, 2024, order (ECF No. 4), Corrales has paid the filing fee. He has also filed an amended petition (ECF No. 10) and a motion for appointment of counsel (ECF No. 12). The amended petition is before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

　　　Corrales is challenging a judgment of conviction on 39 counts of various sex offenses involving minors that imposes consecutive life sentences for each count. Based on the Court's review of the petition in this case and the dockets of the Nevada Supreme Court and the Second Judicial District Court, it appears that Corrales has not completed state court exhaustion with respect to some of the claims in his petition. A federal court may not grant habeas corpus relief on a claim not exhausted in state court. *See* 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations.

1  *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must
2  fairly present the claim to the highest state court, and must give that court the opportunity
3  to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam);
4  *Keeney v. Tamayo Reyes*, 504 U.S. 1, 10 (1992).

5        The exhaustion information provided by Corrales for the grounds for relief in his
6  petition is incomplete and confusing. A review of state court records reveals the following.
7  On December 4, 2018, the Nevada Supreme Court entered an order affirming Corrales'
8  judgment of conviction on direct appeal.[1] Corrales subsequently pursued post-conviction
9  relief in the Second Judicial District Court. In a recent order appointing Corrales counsel,
10 that court gave a brief overview of Corrales' state post-conviction proceedings:

> Corrales filed a timely post-conviction Petition on December 18, 2019 ("December 2019 Petition"). Corrales was appointed post-conviction counsel, Edward T. Reed, Esq.. On June 21, 2021, a notice of no supplement was filed by counsel. The State moved to dismiss Corrales' December 2019 Petition. On December 11, 2021, this Court issued an order granting the State's motion to dismiss. On December 16, 2021, the Court filed a notice of entry of order. On January 14, 2022, Corrales, through his counsel, filed a notice of appeal. On December 12, 2022, the Court of Appeals issued an order reversing and requiring an evidentiary hearing be set on Ground One of Corrales' Petition. Remittitur issued in May of 2023.
>
> While the appeal was pending, Corrales filed two more petitions and related requests for appointment of counsel. Counsel was not appointed for those untimely and successive petitions and they have been denied or dismissed.
>
> On July 18, 2023, Mr. Reed filed a motion to be relieved as counsel for Corrales' December 2019 Petition. On August 17, 2023, the Court granted Mr. Reed's motion to withdraw. New counsel has not been appointed to represent Corrales in connection with the evidentiary hearing on Ground One of the December 2019 Petition.
>
> On February 7, 2024, this matter came before the Court for a status conference. The State and Corrales agreed that he should be appointed counsel to proceed with the evidentiary hearing on Ground One of the December 2019 Petition. Given that counsel was previously appointed to represent Corrales for the December 2019 Petition, an evidentiary hearing

---

[1] Nevada Appellate Courts, *Appellate Case Management System, Case Information for Case No. 72795* (last accessed Apr. 9, 2024), https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=43020.

   is required on Ground One of the December 2019 Petition, and that Corrales has remained in prison and indigent, the Court finds that appointment of counsel pursuant to NRS 34.750(1) is appropriate to represent Corrales in connection with the evidentiary hearing on Ground One of his December 2019 Petition.

*Corrales v. Nevada*, CR15-1383, order filed February 12, 2024.

  After that order appointing counsel but before counsel appeared on Corrales' behalf, Corrales filed, pro se, two more motions seeking post-conviction relief followed by a notice of appeal with respect to an order denying a prior petition. *Id.* (docket entries on February 13, 21, and 26, 2024). On March 9, 2023, the state district court entered an order staying further proceedings until the Nevada Supreme Court resolved that appeal. *Id.*

  Thus, while Corrales may have exhausted some of his claims for relief in his direct appeal, he still has pending state court proceedings with respect to at least some of his claims. The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). Rather than dismiss the petition, the Court will provide Corrales with the following options.

  First, if Corrales disagrees with the Court's analysis, he may file a response to this order showing cause why this action should not be dismissed on account of his failure to exhaust his habeas claims in state court.

  Second, Corrales may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). The Court advises Corrales, however, that if he should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

Third, Corrales may file an amended petition containing only exhausted claims. The Court advises Corrales, however, that if he elects to proceed with only exhausted grounds, any future habeas petition containing unexhausted grounds that could have been raised in the instant petition may be rejected as successive (or may be time-barred).

Fourth, Corrales may request stay and abeyance as provided in *Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines,* a district court has discretion to stay a petition containing unexhausted claims to allow a petitioner time to present his or her unexhausted claims to state courts. *See* 544 U.S. at 276. To obtain a stay under *Rhines*, a petitioner is required to show good cause for his failure to exhaust and that his unexhausted claims are potentially meritorious. *See id.* at 277.

As for Corrales' motion for appointment of counsel (ECF No. 14), 18 U.S.C. §3006A(a)(2)(B) gives this Court discretion to appoint counsel when it determines that the "interests of justice" require representation. Given the current posture of this case, appointment of counsel is not warranted. Corrales has been appointed counsel in state court. If and when Corrales has exhausted state court remedies for his federal habeas claims, the Court will consider appointing counsel.

It is therefore ordered that the Clerk of Court is directed to electronically serve the amended petition (ECF No. 10) and a copy of this order on the Respondents.

It is further ordered that the Clerk of Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that Corrales has 30 days from the date of entry of this order to exercise one of the four options discussed above.[2] Failure to respond to this order within the time allowed will result in the dismissal of this action. If Corrales maintains that

---

[2]This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

all the claims in the amended petition have been exhausted, he must attach with his response copies of any papers that were accepted for filing in the state courts that he contends demonstrate that the claims are exhausted.

It is further ordered that Respondents' counsel must enter a notice of appearance within 20 days of the date of entry of this order but need take no further action in the case unless and until the Court so orders.

It is further ordered that Corrales' motion for appointment of counsel (ECF No. 12) is denied.

It is further ordered that Corrales' motions for extension of time (ECF Nos. 5 and 7) are granted *nunc pro tunc* as of their respective filing dates.

DATED THIS 10th Day of April 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE